**CASE NO. 21-3375**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

ALICIA ARENDS, *et al.*, on behalf of herself and all other similarly situated,

Plaintiffs-Respondents,

v.

FAMILY SOLUTIONS OF OHIO, INC., *et al.*

Defendants-Petitioners.

_____

On Appeal From The United States District Court for the Northern District of Ohio
Case No. 1:18-cv-02017, Judge Pamela A. Barker

---

**DEFENDANTS' SHOW CAUSE WHY THIS APPEAL SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION PURSUANT TO THIS COURT'S ORDER OF JULY 12, 2021**

---

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys* for Defendants-Petitioners

# DEFENDANTS' SHOW CAUSE WHY THIS APPEAL SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

## I. INTRODUCTION

The Court's Show Cause Order is based on the fact that Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith ("Defendants") "have petitioned under Rule 23(f) for permission to appeal the district court's certification order in related appeal No. 21-0303. But their Rule 23(f) petition remains pending, and Defendants have not otherwise obtained permission to appeal the district court's certification order under 28 U.S.C. § 1292(b)." (Doc. #15-2, pg. 2).

Defendants have now filed the Motion for Certification to File Interlocutory Appeal Pursuant to 28 U.S.C. Section 1292(b) in the District Court. (ECF #159). The Motion is fully-briefed and ripe for the District Court's decision. (ECF ##160-161). Accordingly, based on Defendants' motion seeking permission to appeal the District Court's certification order has been filed, Defendants submit that the appeal should not be dismissed for lack of jurisdiction.

## II. RELEVANT PROCEDURAL HISTORY

The Court's Rule 23 Certification Order was issued on April 5, 2021. (ECF #143). Two days after the Certification Order was issued, Plaintiffs produced eleven declarations that were signed on November 30, 2020 and December 1, 2020. (ECF #153). Plaintiffs had an obligation to produce the declarations to

Defendants in December. (ECF #153). In addition, the eleven declarations were highly relevant to the Court's Rule 23 Certification Order. (ECF #153).

A status conference was held with the District Court on April 14, 2021. (ECF #144). The late produced, eleven declarations were addressed with the Court during the April 14, 2021 conference and Defendants' counsel advised the District Court that a motion would be filed after the status conference that addressed the eleven declarations and related issues. (ECF #144).

Defendants filed the Notice of Interlocutory Appeal on April 19, 2021. (ECF #147). On May 11, 2021, Defendants filed a Motion for Sanctions arising out of the eleven declarations. (ECF #151). However, the District Court denied Defendants motion for leave to extend the page limits for the Motion for Sanctions and the Motion for Sanctions was refiled on May 14, 2021. (ECF #153). The Motion for Sanctions is now fully-briefed and ripe for decision by the District Court. (ECF ##154-155).

The Motion for Sanctions is based on four material facts that are not in dispute: (1) Plaintiffs never provided a computation of damages as required by Fed.R.Civ.P. 26(a)(iii) and the District Court's initial disclosure orders; (2) Plaintiffs never responded to interrogatory responses seeking information regarding alleged hours worked by Plaintiffs, but not paid – a material element of Plaintiffs' claims; (3) the eleven declarations should have been produced to

3

Defendants prior to the District Court's summary judgment and Rule 23 Certification Motions; and (4) the eleven declarations evidenced that Plaintiffs had the ability to provide discovery related to damages and hours worked, but allegedly not paid over the two years of discovery that pre-dated the Rule 23 Certification Motion. (ECF ## 153-155).

One of the remedies sought by Defendants in the Motion is for the District Court to reconsider the District Court's orders on summary judgment and class certification. (ECF #153). Due to the undisputed, material facts, Defendants hoped that this appeal would be mooted by the District Court's review of Defendants' Motion for Sanctions. However, as of this date, the Motion for Sanctions remains pending, but no decision has been issued by the District Court.

## III.   ARGUMENT

Upon receipt of the Court's Show Cause Order, Defendants immediately filed a Motion for Certification to File Interlocutory Appeal Pursuant to 28 U.S.C. Section 1292(b) in the District Court. (ECF #159). The Motion is now fully-briefed and ripe for the District Court's decision. (ECF ##160-161).

Defendants had good cause to delay the filing – a Motion for Sanctions has been pending since May 11, 2021. Defendants first addressed the underlying facts related to the Motion for Sanctions with Plaintiffs' counsel and the District Court in a status conference. Thereafter, in addition to filing a Notice of Interlocutory

Appeal, Defendants also filed a Motion for Sanctions. The Motion for Sanctions has been fully briefed since June 3, 2021, but the District Court has not yet issued its order on the Motion for Sanctions. (ECF #155).

Based on the filing of Defendants' motion seeking permission to appeal the District Court's certification order, Defendants submit that the appeal should not be dismissed for lack of jurisdiction. Accordingly, Defendants respectfully request that this Court retain jurisdiction over this appeal while the District Court reviews Defendants' motion, the opposition and the reply. (ECF ## 159-161).

## IV.  CONCLUSION

For the foregoing reasons, Defendants have shown good cause why the captioned-appeal should not be dismissed for lack of jurisdiction.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys for Defendants-Petitioners*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on this 2nd day of August, 2021. Notice of this filing will be sent to all parties, when applicable, by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system. If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via email and regular U.S. Mail upon Plaintiffs' counsel of record.

                                      */s/ David A. Campbell*
                                      David A. Campbell (0066494)

                                      *One of the attorneys for Defendants-Petitioners*